E. MARTIN ESTRADA
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
LAUREN RESTREPO (Cal. Bar No. 319873)
Assistant United States Attorney
Deputy Chief, Cyber & I.P. Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3825
    Facsimile: (213) 894-2927
    Email:    lauren.restrepo@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR 2:24-CR-00595-JWH |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION FOR DEFENDANT NOAH MICHAEL URBAN |
| v. | |
| AHMED HOSSAM ELDIN ELBADAWY, et al., | |
| Defendants. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant NOAH MICHAEL URBAN and gives notice of the following material factors:

☐ 1. Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

    ☐ a. present offense committed while defendant was on release pending (felony trial),

    ☐ b. defendant is an alien not lawfully admitted for permanent residence; <u>and</u>

|     |     |     |     |
| --- | --- | --- | --- |
| 1   | ☐ | c. | defendant may flee; or |
| 2   | ☐ | d. | pose a danger to another or the community. |
| 3   | ☒ | 2. | Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure: |
| 6   | ☒ | a. | the appearance of the defendant as required; |
| 7   | ☒ | b. | safety of any other person and the community. |
| 8   | ☐ | 3. | Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)): |
| 11  | ☐ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| 14  | ☐ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| 16  | ☐ | 4. | Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)): |
| 18  | ☐ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| 22  | ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| 25  | ☐ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |

|   |   |    |   |
|---|---|----|---|
| 1 |   |    | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 2 |   |    | to community and flight risk); |
| 3 | ☐ | d. | defendant currently charged with an offense described |
| 4 |   |    | in paragraph 5a - 5e below, <u>AND</u> defendant was |
| 5 |   |    | previously convicted of an offense described in |
| 6 |   |    | paragraph 5a - 5e below (whether Federal or |
| 7 |   |    | State/local), <u>AND</u> that previous offense was committed |
| 8 |   |    | while defendant was on release pending trial, <u>AND</u> the |
| 9 |   |    | current offense was committed within five years of |
| 10|   |    | conviction or release from prison on the above- |
| 11|   |    | described previous conviction (presumption of danger to |
| 12|   |    | community). |
| 13| ☐ | 5. | Government Is Entitled to Detention Hearing Under § 3142(f) |
| 14|   |    | If the Case Involves: |
| 15| ☐ | a. | a crime of violence (as defined in 18 U.S.C. |
| 16|   |    | § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or |
| 17|   |    | Federal crime of terrorism (as defined in 18 U.S.C. |
| 18|   |    | § 2332b(g)(5)(B)) for which maximum sentence is 10 |
| 19|   |    | years' imprisonment or more; |
| 20| ☐ | b. | an offense for which maximum sentence is life |
| 21|   |    | imprisonment or death; |
| 22| ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is |
| 23|   |    | 10 years' imprisonment or more; |
| 24| ☐ | d. | any felony if defendant has two or more convictions for |
| 25|   |    | a crime set forth in a-c above or for an offense under |
| 26|   |    | state or local law that would qualify under a, b, or c |

|    |   |    |                                                                                     |
|----|---|----|-------------------------------------------------------------------------------------|
| 1  |   |    | if federal jurisdiction were present, or a combination                              |
| 2  |   |    | or such offenses;                                                                   |
| 3  | ☐ | e. | any felony not otherwise a crime of violence that                                   |
| 4  |   |    | involves a minor victim or the possession or use of a                               |
| 5  |   |    | firearm or destructive device (as defined in 18 U.S.C.                              |
| 6  |   |    | § 921), or any other dangerous weapon, or involves a                                |
| 7  |   |    | failure to register under 18 U.S.C. § 2250;                                         |
| 8  | ☒ | f. | serious risk defendant will flee;                                                   |
| 9  | ☐ | g. | serious risk defendant will (obstruct or attempt to                                 |
| 10 |   |    | obstruct justice) or (threaten, injure, or intimidate                               |
| 11 |   |    | prospective witness or juror, or attempt to do so).                                 |
| 12 | ☐ | 6. | Government requests continuance of _____ days for detention                         |
| 13 |   |    | hearing under § 3142(f) and based upon the following                                |
| 14 |   |    | reason(s):                                                                          |

_____

_____

_____

//
//
//
//
//
//
//
//
//
//

4

☐ 7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: October 7, 2024          Respectfully submitted,

                                E. MARTIN ESTRADA
                                United States Attorney

                                DAVID T. RYAN
                                Assistant United States Attorney
                                Chief, Criminal Division

                                /s/ L. Restrepo
                                _____
                                LAUREN RESTREPO
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

5