Docusign Envelope ID: A6042A62-1151-4E11-97F1-0773962533BB

```
E. MARTIN ESTRADA
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
LAUREN RESTREPO (Cal. Bar No. 319873)
Assistant United States Attorney
Deputy Chief, Cyber & I.P. Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3825
     Facsimile: (213) 894-2927
     Email:     lauren.restrepo@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JOEL MARTIN EVANS,<br><br>　　　　　Defendant. | No. 2:24-CR-00595-JWH-4<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:** 01/27/2025<br>**PROPOSED TRIAL DATE:** 07/28/2025 |

　　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Lauren Restrepo, and defendant Joel Martin Evans ("defendant"), both individually and by and through his counsel of record, Daniel Perlman, Esq., hereby stipulate as follows:

　　　　1.　The Indictment in this case was filed on October 8, 2024. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on December 3, 2024. The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 11, 2025.

2. On December 3, 2024, the Court set a trial date of January 27, 2025 and a status conference date and time of January 10, 2025 at 1:00 p.m.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately seven days. All defendants are currently joined for trial and a severance has not been granted.

4. By this stipulation, defendant moves to continue the trial date to July 28, 2025 and the status conference date to July 11, 2025 at 1:00 p.m. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with a violation of 18 U.S.C. § 1349 (wire fraud conspiracy), 371 (conspiracy), and 18 U.S.C. § 1028A(a)(1) (aggravated identity theft). Once a protective order is negotiated by the parties and obtained from the court, the government will be producing discovery to the defense, including thousands of pages of reports and records, the results of searches of numerous online accounts, cell phones, computers, and other digital devices, records of interviews, and documents and reports related to dozens of victims.

   b. On December 5, 2024, defendant's counsel substituted in as counsel of record. Defense counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

   c. Counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

   e. The government does not object to the continuance.

   f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of December 18, 2024 to July 28, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of

3

1 the proceeding impossible, or result in a miscarriage of justice; and
2 (iii) failure to grant the continuance would unreasonably deny
3 defendant continuity of counsel and would deny defense counsel the
4 reasonable time necessary for effective preparation, taking into
5 account the exercise of due diligence.
6     7.   Nothing in this stipulation shall preclude a finding that
7 other provisions of the Speedy Trial Act dictate that additional time
8 periods be excluded from the period within which trial must commence.
9 Moreover, the same provisions and/or other provisions of the Speedy
10 Trial Act may in the future authorize the exclusion of additional
11 time periods from the period within which trial must commence.
12     IT IS SO STIPULATED.
13 Dated: December 18, 2024      Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division


      */s/ Lauren Restrepo*
LAUREN RESTREPO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

23    I am JOEL MARTIN EVANS' attorney.  I have carefully discussed
24 every part of this stipulation and the continuance of the trial date
25 with my client. I have fully informed my client of his Speedy Trial
26 rights.  To my knowledge, my client understands those rights and
27 agrees to waive them.  I believe that my client's decision to give up
28

4

the right to be brought to trial earlier than July 28, 2025 is an informed and voluntary one.

_____  
**DANIEL PERLMAN**  
*DocuSigned by: 40A54AB53C014D6...*  
DANIEL PERLMAN  
Attorney for Defendant  
JOEL MARTIN EVANS

12/20/2024  
Date

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than July 28, 2025.

_____  
*DocuSigned by: Joel Evans A5FEBD8248BD48D...*  
JOEL MARTIN EVANS  
Defendant

12/19/2024  
Date

5