Arnold A. Spencer, *pro hac vice*
Texas State Bar #00791709
Spencer & Associates
5956 Sherry Lane, Suite 2000
Dallas, Texas 75225
214-385-8500
arnold@aspencerlaw.com
Counsel for Defendant Evans Osiebo

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **United States of America** | **No: 2:24-CR-595-JWH-3** |
| **v.** | **Defendant's Sentencing Memorandum** |
| **Evans Osiebo** | |

To the Honorable Judge of this Court:

Defendant Evans Osiebo submits this Sentencing Memorandum to provide information to the Court in order to assist the Court in fashioning a sentence that is sufficient, but not greater than necessary, to meet the interests of justice, rehabilitation and appropriate punishment. Defendant Osiebo respectfully requests the Court note his profound regret for his misconduct. He regrets his participation in the conspiracy, which took place almost entirely while he was a minor and during the extraordinary period of isolation during the COVID pandemic. As the government has separately noted, he cooperated immediately upon arrest and has worked with the government to provide substantial restitution to his victims. Accordingly, the factors for the Court's consideration pursuant to 18 USC Section 3553 support a sentence below the recommended Guideline range. In the absence of a Section 3553(e) motion from the government, Osiebo respectfully requests the Court to consider a sentence of two years and a day.

**1. Mr. Osiebo Was a Minor at the Time of Almost All of His Misconduct.**

Section 3553 directs the Court's attention to the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. Section 3553(a)(1). The Court's consideration of Mr. Osiebo's age and circumstances are critical in determining an appropriate sentence. Mr. Osiebo was either fifteen or sixteen years old when he met his co-conspirators online in 2021. The COVID pandemic has caused millions of teenagers to isolate in their homes, and like many other children his age, Mr. Osiebo spent long hours playing online games. This is where he met other gamers who recruited him to participate with them in various computer crimes. Mr. Osiebo was a straight-A student in high school, was a gifted programmer, and was without constructive and challenging extra-curricular activities since his school was closed. He accepted the invitation and the challenges offered to him by his older, more experienced co-conspirators.

In the Fall of 2022, Mr. Osiebo matriculated to a prestigious, private university as a full-scholarship student. He quickly realized that his past misconduct was not a long-term path to personal or professional fulfillment, and he voluntarily withdrew from the conspiracy. He applied himself to his school work. He had turned 18 years old in May 2022, and because he continued to participate in the conspiracy over that summer, he no longer qualified for the protections afforded by the criminal justice system for minors.[1] If he had ceased his involvement with these individuals a few months earlier, he likely would not be facing a potential sentence of incarceration. 18 U.S.C. Section 5039. Since he withdrew from the criminal scheme, Mr.

[1] Mr. Osiebo acknowledges that, under federal law, a person who continues to participate in a conspiracy after his eighteenth birthday commits an act in violation of law after his birthday and may be subject to prosecution as an adult for all of his acts during the continuing criminal offense. *United States v. Wong*, 40 F. 3d 1347, 1365 (2d Cir. 1994); *United States v. Gjonaj*, 861 F. 2d 143 (6th Cir. 1988); *United States v. Cruz*, 805 F. 2d 1464, 1475 (11th Cir. 1986)(*quoting United States v. Spoone*, 741 F. 2d 680, 687 (4th Cir. 1984); *see also* 18 U.S.C. Section 5033 *et. seq*. (Federal Juvenile Delinquency Act).

Osiebo has completed seven semesters of a full academic schedule, and has compiled a straight A grade point average. A defendant who voluntarily withdraws from a conspiracy distinguishes himself from those who continue until they are caught by law enforcement; a defendant who withdraws because he realizes that this was a mistake that he made during his youth, and who has the self-awareness and moral fiber to correct his misguided course, is a rare individual who merits special consideration when forming an appropriate sentence.

**2. Mr. Osiebo Spent Very Little of His Criminal Proceeds, and His Victims Will Likely Be Repaid in Full.**

An appropriate sentence for a criminal defendant addresses the need for restitution for the victims of the crime. 18 U.S.C. Section 3553(f). Unlike many criminals who spend lavishly on themselves as they are participating in crime, Mr. Osiebo saved most of the cryptocurrency that he obtained during his participation in the scheme. When he was arrested and charged, Mr. Osiebo immediately turned over all of his cryptocurrency, and agreed that the government could liquidate the potentially volatile assets prior to sentencing. Because he did not liquidate or spend these assets before he was charged, and fortuitously, because the cryptocurrency appreciated in value while he held it and after the government took possession, the victims of Mr. Osiebo's direct interactions will be made whole. And because another co-conspirator similarly transferred substantial, appreciated assets to the government, the government expects that all of the victims of the entire conspiracy will be made whole.

Mr. Osiebo recognizes that the appreciation in the value of the assets does not excuse his misconduct. But his decisions to preserve the assets, and his agreement with the government to lock in on the value of the assets, viewed in combination with his decision to withdraw voluntarily from the criminal conduct and pursue his college degree, reflects his acceptance of his misconduct and reflects his personal commitment to the community. He engaged in the

criminal conduct based on an immature and misguided decision; he did not set out on a criminal spree to get rich quick or to make money the easy way. Indeed, his participation in crime was confined to a short period of time, and he made a conscious decision to stop. A sentence of extended incarceration is not needed to deter recidivism or protect the public from future crimes. To the contrary, this young man from a first-generation immigrant family has an enormous amount to contribute to our community, and incarceration will delay his ability to contribute.

**3. The Court Should Consider Mr. Osiebo's Education In Fashioning an Appropriate Sentence.**

Pursuant to 18 USC Section 3553(a)(2)(D), this Court should consider Mr. Osiebo's educational or vocational training. Since withdrawing from the criminal conspiracy, Mr. Osiebo has completed three and a half years of his four-year college degree from Southern Methodist University in Dallas, Texas. He has maintained a straight-A average in his coursework, and is on track to graduate. In January 2026, Mr. Osiebo's university reversed a previous decision and temporarily suspended Mr. Osiebo from enrolling in classes for his final semester. Mr. Osiebo has taken several classes online, but his degree requires him to complete one final class in-person. Accordingly, if the Court sentences Mr. Osiebo to a period of incarceration, Mr. Osiebo respectfully requests that his reporting date be scheduled after January 1, 2027 so that he may attend his remaining in-person class and complete his coursework for his undergraduate degree. Mr. Osiebo's parents and pastor have each provided letters of recommendation, which are attached hereto as Exhibits A, B, and C.

Respectfully submitted,

/s/ Arnold A. Spencer
Arnold A. Spencer, *pro hac vice*
Texas State Bar #00791709

Spencer & Associates
5956 Sherry Lane, Suite 2000
Dallas, Texas 75225
214-385-8500
arnold@aspencerlaw.com
Counsel for Defendant Evans Osiebo

**Certificate of Service**

I, Arnold Spencer, counsel of record for Evan Osiebo, do hereby certify that I have filed the foregoing document with the Clerk of Court via the ECF system, and separately have sent notice to all counsel of record, in accordance with the Federal Rules of Criminal Procedure.

Dated: August 5, 2026

/s/ Arnold A. Spencer
Arnold A. Spencer
Counsel for Evans Osiebo